UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CITRIN COOPERMAN & CO., LLP,                : Civil Action No. 07-cv-3269 (DLC)
                                             : ECF Case
                        Plaintiff,           :
                                             :
    - against -                              : **STIPULATION**
                                             :
WILLIAM SCHEMITSCH                           :
                                             :
                        Defendant.           :
------------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED, by Plaintiff Citrin Cooperman & Co., LLP and Defendant William Schemitsch, through their undersigned counsel, as follows:

WHEREAS Plaintiff filed its complaint in this matter on April 23, 2007;

WHEREAS Plaintiff has determined that the complaint should be amended;

WHEREAS Defendant has consented to Plaintiff amending its complaint;

THEREFORE the parties hereby stipulate to the filing of the Amended Complaint attached hereto as Exhibit A, and that Defendant may file an answer to the Amended Complaint.

Dated: New York, New York
       August 3, 2007

ZUKERMAN GORE & BRANDEIS, LLP            LOPRESTO & BARBIERI, P.C.

By: _____              By: _____
    John K. Crossman (JC 7387)               Guy Barbieri (GB-6291)
    875 Third Avenue                         22-07 Steinway Street
    New York, New York 10022                 Astoria, New York 11105
    (212) 223-6700                           Phone: (718) 932-2800
    *Attorneys for Plaintiff*                *Attorneys for Defendant*
    *Citrin Cooperman & Co., LLP.*           *William Schemitsch*

                                         SO ORDERED:

                                         _____
                                         U.S.D.J.

                                         August 10, 2007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/07
```

ZUKERMAN GORE & BRANDEIS, LLP
John K. Crossman (JC 7387)
Jeffrey L. Friesen (JF 5861)
875 Third Avenue
28th Floor
New York, New York 10022
(212) 223-6700

*Attorneys for Plaintiff*
*Citrin Cooperman & Co., LLP.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CITRIN COOPERMAN & CO., LLP,    :   Civil Action No. 07-cv-3269 (DLC)
                                 :   ECF Case
                   Plaintiff,    :
                                 :
       - against -               :   **AMENDED COMPLAINT**
                                 :
WILLIAM SCHEMITSCH,              :
                                 :
                   Defendant     :
                                 :
------------------------------------------------------------ x

Plaintiff Citrin Cooperman & Co., LLP ("Citrin Cooperman"), by its attorneys, Zukerman Gore & Brandeis, LLP, for its amended complaint for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, for breach of duty of good faith and fair dealing, and for the tort of injurious falsehood, against William Schemitsch, alleges as follows:

1.  This is an action for compensatory and punitive damages arising out of the Defendant's intentional, malicious, and criminal tampering with federal tax returns contained in the Plaintiff's computer system, which returns were about to be filed with the United States Internal Revenue Service. Defendant worked for Citrin Cooperman, a prominent accounting firm, inputting data into the tax returns that Citrin Cooperman was preparing for its clients.

Defendant abruptly quit in late March, 2007, just a few weeks before the April tax filing deadline, the busiest time of the year for an accounting firm. Shortly after he quit, Citrin Cooperman discovered the first signs that on the afternoon of his last day of work, Defendant had accessed the firm's computer system and, without authorization, made false, offensive, and material alterations to the data and information contained in multiple federal income tax returns that were about to be filed. Defendant's acts of corporate sabotage had the potential, if undetected, to put the professional reputation of Plaintiff, and with it the livelihoods of hundreds of Plaintiff's employees, at risk.

2. Defendant's acts are criminal. Defendant has violated the Computer Fraud and Abuse Act, Title 18 of the United States Code, Sections (a)(5)(A)(i), (a)(5)(A)(ii) and (a)(5)(A)(iii), subjecting him to a fine and imprisonment of up to five years. His acts also constitute Criminal Mischief in the Second Degree, New York Penal Law, Section 145.10, a Class D Felony.

3. The Computer Fraud and Abuse Act entitles Citrin Cooperman to an award of damages in a civil action. As a direct result of Defendant's wrongdoing, Citrin Cooperman has had to incur the expenses of, among other things, detecting and assessing the damage Defendant caused, and restoring the data that he deleted. Defendant's acts also constitute breaches of his duty of good faith and fair dealing to Citrin Cooperman, and the tort of injurious falsehood.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 because it arises under the Constitution, laws, or treaties of the United States. This Court has supplemental jurisdiction over the New York common law claims pursuant to 28 U.S.C. § 1337.

2

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

6.      Plaintiff Citrin Cooperman is a limited liability partnership organized under the laws of New York. Citrin Cooperman is engaged in the business of tax, accounting and business consulting. Citrin Cooperman is headquartered in mid-town Manhattan, and also has offices in White Plains, New York and Springfield, New Jersey.

7.      On information and belief, defendant William Schemitsch is a resident of New York. Schemitsch worked for Citrin Cooperman as an independent contractor from February 1, 2006 to April 15, 2006 and January 22, 2007 to March 19, 2007.

## FACTS

8.      Since it was founded over twenty-five years ago, Citrin Cooperman has grown into one of the country's prominent tax, accounting and business consulting firms. Like many accounting firms, one the key services that Citrin Cooperman provides its individual and business clients is the preparation of their federal income tax returns.

9.      Citrin Cooperman maintains a computer database containing, among other files, its clients' tax returns. In order to prepare the tax returns for filing each year, Citrin Cooperman inputs data into those returns. For continuing clients, some of the data, like their names and addresses, do not change often from year to year; other data, like income and deductions, are expected to change.

10.     Each person who has access to the Citrin Cooperman computer system is given a unique identifying "user name," which he or she types on to the screen before using the computer. The computer system keeps track of exactly when each tax return is modified, and by

whom. The computer system can then generate "Activity Reports" that show each date and time each tax return was modified, and which user account made each of the modifications.

11. From time to time, especially leading up to critical tax filing deadlines, Citrin Cooperman hires additional people to assist with various tasks concerning the preparation of its clients' tax returns. Schemitsch was one such person.

12. Citrin Cooperman hired Schemitsch as an independent contractor during tax season in 2006 and again in 2007 to assist with the preparation of tax returns, including inputting data into the tax returns in Citrin Cooperman's computer database. Schemitsch was given the unique, password protected user name "WSCHEMITSCH" for the purpose of accessing the firm's computer system. For the 2007 tax season, Schemitsch was expected to work until March 21.

13. On or about March 19, 2007, after a dispute with his supervisor, Schemitsch told Citrin Cooperman that he wanted his last paycheck to be given to him early. Citrin Cooperman agreed to do so. On or about March 19, 2007, Schemitsch took the check, cashed it with a check-cashing service, and then called Citrin Cooperman and told the firm that he would not be returning to work. Citrin Cooperman did not know he was going to quit.

14. After Schemitsch left the firm, Citrin Cooperman discovered that on his last day at work, Schemitsch had accessed computers at the firm and had altered data that was contained in the 2006 federal tax returns of various firm clients whose tax returns were stored in the firm computer system. These are tax returns that were to be filed with the United States Internal Revenue Service just a few weeks later. Citrin Cooperman has been able to establish that Schemitsch did make changes, and knows when he made them, because the Activity Reports for those files indicate that the person with the user name "WSCHEMITSCH" modified the files

all between 3:25 p.m. and 4:37 p.m. on March 19, 2007, his last day of work. Those Activity Reports do not state which alterations were made by Schemitsch, but state that his alterations include "Codes Added," "Codes Modified," and "Codes Deleted." These clients were *not* clients for whom Schemitsch was assigned to do work on that day, or indeed at all for the 2007 tax season. He was not authorized to alter them.

15. The alterations made by Schemitsch that have been discovered so far (and corrected by Citrin Cooperman) include several false, offensive, and material alterations to the names of firm clients and their families and occupations, including:

- Listing as a Dependent child a person with the first name "BUTTHEAD"

- Listing "BREAD WINNER" as the occupation of a client, and "COMEDIAN" as his spouse's occupation

- Listing "SITCOM ACTOR" and "SITCOM ACTRESS" as the occupation of clients, and listing as Dependent children persons with the names of popular fictional television characters

- Listing "MOUNTAINPOOP" as a client's name

- Listing as a "Dependent" on a client's tax return an offensive derivation of one of the firm's accountants and listing "CPA" as "Dependent's relationship to you"

16. These are examples of known and discovered data alterations. As a direct result of these alterations, the integrity of the data and information on these tax returns has been impaired. If they had not been discovered prior to client review, Citrin Cooperman would have had to explain them to its clients, at risk to Citrin Cooperman's professional reputation. Had these tax returns been filed with the IRS without the correction of Schemitsh's alterations, Citrin Cooperman's clients would have had to explain them to the IRS and would have been at increased risk of audit and embarassment. Schemitsch's use of the computer or computers for this purpose was completely unauthorized.

5

17. On information and belief, there may be more alterations, such as alterations of numbers, and not just names and occupations, which are more difficult to detect. Citrin Cooperman asked Schemitsch to cooperate and tell the firm the full scope of his alterations. Schemitsch has refused to cooperate, forcing Citrin Cooperman to incur the expense of ferreting out and correcting his unauthorized alterations. This detection and restoration project has been particularly disruptive to Citrin Cooperman's operations because it had to be started just before the April 2007 tax filing deadline — the busiest few weeks for an accounting firm. Citrin Cooperman intends to learn in discovery which additional alterations, if any, were made by Schemitsch.

### Count One
(Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*)

18. Plaintiff repeats the allegations contained in paragraphs 1 through 17.

19. As more fully alleged above, Schemitsch intentionally accessed a computer or computers without authorization, and as a result of such conduct caused, or recklessly caused, damage to Citrin Cooperman, in violation of 18 U.S.C. §§ 1030(a)(5)(A)(i), 1030(a)(5)(A)(ii) and 1030(a)(5)(A)(iii).

20. The computer or computers that Schemitsch accessed are "protected computer(s)" as defined in 18 U.S.C. § 1030(e)(2)(B) because it or they are used in interstate or foreign commerce or communication, including sending and receiving electronic mail, accessing and interacting with the World Wide Web, and preparing federal and state income tax returns which are electronically filed with the IRS and/or tax authorities of various states by using the computer or computers.

21. Citrin Cooperman suffered damage by reason of Schemitsch's violation of 18 U.S.C. § 1030. Schemitsch's acts have impaired the integrity and availability of data, a program, a system, or information, as more fully alleged above.

22. Citrin Cooperman suffered loss by reason of Schemitsch's violation of 18 U.S.C. § 1030, including the cost of responding to Schemitsch's offenses, conducting a damage assessment, and restoring the data, system and information to its condition prior to the offense.

23. Schemitsch's violation caused loss to Citrin Cooperman during the one-year period prior to the filing of this complaint aggregating at least $5,000 in value, as defined in 18 U.S.C. § 1030(5)(B)(i).

## Count Two
(Breach of Duty of Good Faith and Fair Dealing)

24. Plaintiff repeats the allegations contained in paragraphs 1 through 23.

25. Citrin Cooperman and Schemitsch had an enforceable contract.

26. Citrin Cooperman performed all its obligations that have become due pursuant to the contract.

27. Implied in the contract between the parties is a duty of good faith and fair dealing.

28. Schemitsch breached his duty of good faith and fair dealing owed to Citrin Cooperman by fraudulently, maliciously, intentionally, or with reckless indifference to the rights of others, engaging in the wrongful conduct more fully alleged above.

29. As a direct, proximate and foreseeable result of Schemitsch's breach, Citrin Cooperman has been damaged in an amount to be determined at trial, but presently estimated to exceed $15,000, certain to increase.

## Count Three
(Tort of Injurious Falsehood)

30. Plaintiff repeats the allegations contained in paragraphs 1 through 29.

31. On March 19, 2007, Schemitsch furnished false and misleading information, specifically he entered into the federal income tax returns stored on Citrin Cooperman's computer system the false statements set forth more fully above. On information and belief, Schemitsch furnished other, additional, false or misleading statements.

32. Schemitsch's acts were committed maliciously and with the intention to harm another, or so recklessly and without regard to their consequences, that a reasonably prudent person should anticipate that damage to another will naturally follow.

33. Schemitsch's acts were intentional, deliberate, and have the character of outrage frequently associated with crime. They were committed with spite, malice, fraudulent or evil motive or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilfill or wanton.

34. As a direct, proximate and foreseeable result of Schemitsch's acts, Citrin Cooperman suffered special and measurable damages, specifically the expenses of detecting Schemitsch's wrongdoing, conducting a damage assessment, and restoring the data, system and information to its condition prior to Schemitsh's wrongdoing, which project is ongoing.

## Demand for Relief

WHEREFORE plaintiff demands judgment against the defendant as follows:

A. On Count One, an award to Citrin Cooperman of its actual damages in an amount to be determined at trial;

8

B.  On Count Two, an award to Citrin Cooperman of its actual damages in an amount to be determined at trial;

C.  On Count Three, an award to Citrin Cooperman of its actual damages in an amount to be determined at trial;

D.  On Count Three, an award to Citrin Cooperman of punitive damages in amount to be determined at trial;

E.  An award to Citrin Cooperman of the costs of this action, together with its reasonable attorneys' fees to the extent allowed by law;

F.  Such other, further or different relief as the Court deems just or equitable.


Dated:  New York, New York
        August 9, 2007

ZUKERMAN GORE & BRANDEIS, LLP

By: _____
John K. Crossman (JC 7387)
Jeffrey L. Friesen (JF 5861)
875 Third Avenue
28th Floor
New York, New York 10022
(212) 223-6700

*Attorneys for Citrin Cooperman & Co., LLP*