UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| CITRIN COOPERMAN & CO., LLP, | **AMENDED ANSWER** |
| Plaintiff, | **Case No.:   07 CV 3269** |
| -against- | |
| WILLIAM SCHEMITSCH, | |
| Defendant. | |

------------------------------------------------------------------------X

## DEFENDANT DEMANDS A JURY TRIAL

Defendant, William Schemitsch, by his attorneys, Lopresto & Barbieri, P.C., answering the amended complaint dated August 3, 2007, alleges the following:

1. Denies all allegations set forth in Paragraph 1 of the amended complaint except admits that he worked part time for the Plaintiff.

2. Denies the allegations set forth in Paragraph 2 of the amended complaint.

3. Denies the allegations set forth in Paragraph 3 of the amended complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the amended complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the amended complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the amended complaint.

7. Admits the allegations contained in Paragraph 12 of the amended complaint except Defendant denies that he was expected to work until March 21, 2007.

8. Denies the allegation contained in Paragraph 13 of the amended complaint that he had a dispute with his supervisor.

9. Denies the allegations contained in Paragraph 14 of the amended complaint.

10. Denies the allegations contained in Paragraph 15 of the amended complaint.

11. Denies the allegations contained in Paragraph 16 of the amended complaint.

12. Denies the allegations contained in Paragraph 17 of the amended complaint, except admits that Plaintiff asked Defendant to meet with them.

## Answering Count 1

13. Defendant repeats and reiterates his answers to Paragraphs 1 through 17 of the amended complaint as his answer to Paragraph 18 of the amended complaint.

14. Denies the allegations set forth in Paragraph 19 of the amended complaint.

15. Denies the allegations set forth in Paragraph 20 of the amended complaint.

16. Denies the allegations set forth in Paragraph 21 of the amended complaint.

17. Denies the allegations set forth in Paragraph 22 of the amended complaint.

18. Denies the allegations set forth in Paragraph 23 of the amended complaint.

<u>Answering Count 2</u>

19. Defendant repeats and reiterates his answers to Paragraphs 1 through 23 of the amended complaint as his answer to Paragraph 24 of the amended complaint.

20. Denies the allegations set forth in Paragraph 25 of the amended complaint.

21. Denies the allegations set forth in Paragraph 26 of the amended complaint.

22. Denies the allegations set forth in Paragraph 27 of the amended complaint.

23. Denies the allegations set forth in Paragraph 28 of the amended complaint.

24. Denies the allegations set forth in Paragraph 29 of the amended complaint.

<u>Answering Count 3</u>

25. Defendant repeats and reiterates his answers to Paragraphs 1 through 29 of the amended complaint as his answer to Paragraph 30 of the amended complaint.

26. Denies the allegations set forth in Paragraph 31 of the amended complaint.

27. Denies the allegations set forth in Paragraph 32 of the amended complaint.

28. Denies the allegations set forth in Paragraph 33 of the amended complaint.

29. Denies the allegations set forth in Paragraph 34 of the amended complaint.

<u>As and For a First Affirmative Defense</u>

30. The amended complaint fails to state a claim upon which relief can be granted.

<u>As and For a Second Affirmative Defense</u>

31. Plaintiff's claims must be dismissed in whole or in part because Defendant did not possess the requisite intent to commit the acts described in the amended complaint.

<u>As and For a Third Affirmative Defense</u>

32. Plaintiff's claims must be dismissed in whole or in part because Defendant had the authority to access the computer system described in the amended complaint.

<u>As and For a Fourth Affirmative Defense</u>

33. Plaintiff's claims must be dismissed in whole or in part by the Statute of Frauds.

<u>As and For a Fifth Affirmative Defense</u>

34. Plaintiff's claims must be dismissed in whole or in part because of its own culpable conduct.

Wherefore, Defendant demands judgment as follows:

1. For dismissal of Plaintiff's amended complaint in its entirety;

2. For attorney fees and the costs and disbursements of this action; and

3. For such other and further relief as this court may deem just, equitable and proper.

Dated: Astoria, New York
       August 27, 2007

                                            By: _____
                                               Guy Barbieri (GB-6291)
                                               Lopresto & Barbieri, P.C.
                                               *Attorneys for Defendant*
                                               22-07 Steinway Street
                                               Astoria, New York  11105
                                               (718) 932-2800
                                               guytano62@nyc.rr.com.

To:    John K. Crossman (JC 7387)
          Jeffrey L. Friesen (JF 5861)
          Zukerman Gore & Brandeis, LLP
          *Attorneys for Plaintiff*
          875 Third Avenue
          28th Floor
         New York, New York  10022
          (212) 223-6700

c:\wpdocs\files\schemitsch\amendedanswer